ELIZABETH DIETERICH, Appellant, v. THE MODERN WOODMEN OF AMERICA, Defendant; HENRY M. DIETERICH et al., Interpleaders, Respondents.

Springfield Court of Appeals, December 4, 1911.    Motion to Modify Judgment Overruled, January 8, 1912.

1. FRATERNAL BENEFICIAL ASSOCIATIONS: Life Insurance: Amendment of By-laws: Change in Beneficiary. In a suit against a fraternal beneficial association brought by the widow of the insured the heirs of the insured were required to interplead, which they did, and claimed to be entitled to the insurance money on the ground that at the time the benefit certificate was issued the by-laws of the association provided that in case of the death of the beneficiary prior to the death of the member, and he should fail to designate another beneficiary, then the amount of the certificate should be paid to his heirs. It appeared that the beneficiary named in the certificate was the first wife of deceased, who had died and the deceased had subsequently married the plaintiff, who claimed the insurance money on the ground that after the certificate had been issued and before her marriage to the deceased, the association had changed its by-laws and provided that in case the beneficiary died before the insured and no substitute beneficiary had been named, that the benefit should be paid first to the wife or widow. *Held*, that this amendment of the by-laws was reasonable, in harmony with the general purposes of the association, not in derogation of any contract right and was authorized by the terms of the policy and that plaintiff was entitled to recover the insurance.

161 App.—7

2. ———: **Amendment of By-laws.** A fraternal beneficial association, from the very nature of its organization, has the inherent right to change its by-laws. In doing so, however, it is subject to certain restrictions; the change must be reasonable and in harmony with the general purposes of the organization and must not interfere with the contract rights of its members.

3. ———: ———: **Member is Presumed to Know By-Laws.** The member is presumed to know the provisions of the articles of association and by-laws of the association of which he is a member and in case of certificates of membership issued by a fraternal beneficial association, where the by-laws provide for amendment thereof at any time, the member must be held to have contracted with full knowledge that the by-laws may be amended.

### On Motion to Modify Judgment.

4. **APPEAL AND ERROR: Interpleader: Discharging Defendant: Final Judgment.** In a suit against a fraternal beneficial association to recover on a benefit certificate brought by the widow of the insured, the defendant association filed an answer, admitting its liability for the amount of the certificate, but alleged that the heirs of the insured were also claiming the fund and asked to pay the money into court and that plaintiff and the heirs be required to interplead therefor. Upon this answer the court made an order, permitting defendant to pay the money into court and upon this being done the defendant was discharged. *Held*, that this was a final judgment which could have been appealed from, and as no motion to set this judgment aside was filed for more than four days after its rendition, the appellate court is precluded from reviewing the action of the trial court in discharging the defendant.

Appeal from Lawrence Circuit Court.—*Hon. Carr McNatt*, Judge.

REVERSED AND REMANDED (*with directions*).

*Oscar B. Elam* for appellant.

(1) The contract at all times contemplated that the person occupying the status of wife of Martin Dieterich should any such person survive him, should take the benefits. And none of the interpleaders bore that relation or occupied that status. Order of Railway Conductors v. Koster, 55 Mo. App. 196. (2) Martin

Dieterich is conclusively presumed to have known the by-laws of the association. Harvey v. Grand Lodge, 50 Mo. App. 472; Coleman v. Knights of Honor, 18 Mo. App. 194; Grand Lodge v. Elsner, 26 Mo. App. 108; Burke v. Grand Lodge, 136 Mo. App. 450. The same rule applies too to alterations in the by-laws. 29 Cyc. 78. (3) The contract of indemnity in a beneficiary association is testamentary in character and speaks for the first time upon the death of the member and as of the date of his death. Order of Railway Conductors v. Koster, 55 Mo. App. 193; Expressman's Aid Society v. Lewis, 9 Mo. App. 412; National Association v. Kirgin, 28 Mo. App. 83. (4) Even had there been no provision in the contract making the contract subject to such changes as should be made by changing the by-laws the contract would have been subject to changes in the by-laws just the same. Schrick v. Building Co., 34 Mo. 423; Ellerbe v. Faust, 119 Mo. 653; State ex rel. v. Grand Lodge, 70 Mo. App. 467; Allen v. Life Association, 8 Mo. App. 55. (5) Deceased expressly agreed to become bound not only by the laws in force at the time he became a member of the order, but also by those which might thereafter be enacted by the order. Grand Lodge v. Burnh, 80 Atl. Rep. (Conn.) 160; Gilmore v. Knights of Columbus, 77 Conn. 58, 107 Am. St. Rep. 17; Couglin v. Knights of Columbus, 79 Conn. 218, 64 Atl. 223; Pain v. Societi St. Jean Baptiste, 172 Mass. 319, 52 N. E. 502, 70 Am. St. Rep. 287; State ex rel. v. Grand Lodge, 70 Mo. App. 456. (6) From the very nature of the defendant society, it had the inherent power to make the changes that it did make in its by-laws in 1901 and 1908. Schrich v. Building Co., 34 Mo. 422; Allen v. Life Association, 8 Mo. App. 55; Lloyd v. Modern Woodmen, 113 Mo. App. 19. (9) In the contract in suit the status of the wife of the member is the main, if not the sole inducement to the insurance. Railway Conductors v. Koster, 55 Mo. App. 194.

*T. D. Steele* and *J. T. Burgess* for respondents.

(1) The application for membership by Martin Dieterich to the society of the Modern Woodmen of America and for the indemnity in case of death while a member in good standing and directing that his wife, Francis Dieterich, should be named as his beneficiary and the benefit certificate issued to him thereon on the 26th day of April 1898, in which certificate the society agreed to pay to Francis Dieterich, his wife, the sum of one thousand dollars if she should survive the said Martin Dieterich, and if not and no other beneficiary shall be named by him, then the society to pay the ·proceeds of said certificate to his legal heirs, constituted a contract between them, which could not be changed by either party without the consent of the other. State v. Society, 72 Mo. 146; Commonwealth v. Weatherbee, 105 Mass. 149; Morton v. Supreme Council, 100 Mo. App. 76; Lewine v. Supreme Lodge, 122 Mo. App. 546. (2) The change and amendment of the said by- laws of the society does not entitle the plaintiff to take the benfits due on said certificate as against the legal heirs of said Martin Dieterich, these respondents. Lewine v. Supreme Lodge, 122 Mo. App. 547; Hysinger v. Supreme Lodge, 42 Mo. App. 627; Grand Lodge v. Sater, 44 Mo. App. 445; Smith v. Supreme Lodge, 83 Mo. App. 512; Campbell v. Club, 100 Mo. App. 249; Sisson v. Supreme Court, 104 Mo. App. 54. (3) The agreement of Martin Dieterich in the application and also contained in the benefit certificate to abide by all the by-laws of the society, as the same now exist, or may be hereafter modified or enacted, only had reference to his actions and duties as a member of the society and as to his conduct as such member, but does not mean that the society may interfere with the essential purpose of the contract, namely the indemnity covenanted to be paid and to whom covenanted to be paid. Morton v. Supreme Council, 100 Mo. App.

76; Hysinger v. Supreme Lodge, 42 Mo. App. 628; Supreme Council v. Gatz, 112 Fed. 119; Wist v. Grand Lodge, 22 Ore. 271; Lewine v. Supreme Lodge, 122 Mo. App. 547.

COX, J.—The defendant, Modern Woodmen of America, is a fraternal beneficial association with an insurance feature incorporated under the laws of Illinois and authorized to do business in this state. Plaintiff brought suit against it to recover $1000, the amount of a benefit certificate issued by it to one Martin Dieterich, basing her right to the fund upon the fact that she was his wife at the time of his death. The defendant admitted its liability for the amount but alleged that the heirs of Martin Dieterich were also claiming the fund and asked to pay the money into court and that plaintiff and the heirs be required to interplead therefor. This was done, the money paid in and defendant discharged. On the trial as to the rights of plaintiff and the heirs the court found for the heirs and plaintiff has appealed to this court.

The determination of the question of who is entitled to this fund rests upon the proper construction of the contract between the association and the member and hinges upon the right of the association to change the by-laws of the association after the issuance of the certificate in question so as to bind the member, Martin Dieterich, thereby. The association from the very nature of its organization has the inherent right to change its by-laws. In doing so, however, it is subject to certain restrictions. The change must be reasonable, and in harmony with the general purposes of the organization, and must not interfere with the contract rights of its members. [Smith v. Supreme Lodge K. of P., 83 Mo. App. 512; Morton v. Supreme Council, 100 App. 76, 73 S. W. 259; Lewine v. Supreme Lodge K. of P., 122 App. 547, 99 S. W. 821; Campbell v. American Benefit Club, 100 App.

249, 73 S. W. 342; Sisson v. Supreme Court of Honor, 104 App. 54, 78 S. W. 297.]

It is conceded in this case that the application for membership, the by-laws of the association in existence at the time the benefit certificate was issued and the benefit certificate constitute the contract between the association and the member. The provision of these, as far as necessary to determine the question involved in this case, are in substance as follows: The benefit certificate provided that on the death of the member, Martin Dieterich, the fund should be paid to Frances Dieterich, his wife, and that in case of the death of any beneficiary prior to the death of the member and he should fail to designate another beneficiary, then the amount of the certificate should be paid to his heirs. The by-laws in force at the time the certificate was issued provided that in case there was a failure of beneficiary and the member failed to designate another in the manner therein provided then the benefit should be paid to the heirs of the member. The by-laws also prescribed the form of the certificate to be used and the certificate issued in this case followed the form prescribed in the by-laws. The application for membership signed by Martin Dieterich, the deceased member, containing the following: ''Do you further understand that the laws of this society now in force or hereafter enacted enter into and become a part of every contract of indemnity by and between the members and the society and govern all rights thereunder?'' Ans. ''Yes.'' Also the following: ''I direct that the benefit certificate which may be issued to me in pursuance of this application recite as beneficiaries the following named and to each the amount designated, the relationship to me I certify to be as stated, viz.:

$1000.00 to Francis Dieterich.    State of Relationship.
        Name.                            Wife.
        Residence, Monett, State of Missouri.

Must be wife, child, heir, other blood relative or dependent.''

We may note right here that the application names a beneficiary to be inserted in the certificate but says nothing about a substitute in case of the death of the beneficiary prior to the death of the member.

The benefit certificate in question was issued April 26, 1898.   Francis Dieterich, the named beneficiary, died August 4, 1909.   Martin Dieterich, the member, and plaintiff were married in May, 1910.   Dieterich died July 16, 1910.   The by-laws of defendant providing for a substitute beneficiary in case of the death of the named beneficiary prior to the death of the member were changed in 1901 and again in 1908 in both of which it was provided that in such a case the benefit should be first paid to the wife or widow and if no widow was left, then to other persons in the order therein named.

The question for our determination is whether the amendment to the by-laws made after this certificate was issued by which on failure of the named beneficiary and failure of the member to make a new designation the wife at the time of the death of the member should take in preference to the heirs.   This question must be determind by a construction of the contract between the association and its members which is evidenced by the application for membership, the benefit certificate and the by-laws of the association as far as they are applicable.   We first call attention to the expressed purposes of this association as given in its by-laws in force at the time this certificate was issued.   It is as follows: ''Purposes: The purposes of this society shall be, the affording of substantial benefits to and the promotion of fraternal relations among its

members during life, and the furnishing of financial aid and indemnity to the beneficiaries of beneficial members (after death of such beneficial members) *in accordance with the articles of association, by-laws, rules and regulations of this society* and not inconsistent to the laws of the State of Illinois.'' (The italics are ours.) It is here made a declared purpose of the association to do certain things and to do them in accordance with its own articles of association, by-laws, rules and regulations. The member is presumed to know the provisions of the articles of association and by-laws of the association of which he is a member. [Harvey v. Grand Lodge A. O. U. W., 50 App. 472, 477; McMahan v. Maccabees, 151 Mo. 522, 537, 52 S. W. 384; and must have contracted in this case with full knowledge that the by-laws might be amended at any time for they so provided. He also contracted with knowledge that it was the purpose of this association to perform its functions according to its own by-laws, rules and regulations and hence if there was any feature connected with his purpose in becoming a member which under the law was subject to change and which he wished to guard against possible change, he should have erected such guard in terms in his contract. As to the amount of the indemnity and the person to whom it should be paid and his right to name a substitute in case of death of the beneficiary, his rights were clear and beyond the power of the association to change against his will. The provision for disposition of the fund in case of failure of beneficiary and failure on his part to renominate the beneficiary is not touched upon in his application for membership and indemnity. From this fact alone it would appear that at the time he secured the certificate, he only had in mind provision for his then wife, Francis Dieterich, for she was the only person he named in his application to whom he desired the indemnity paid. This application, like the certificate itself, was upon a blank form evidently

prepared by the association to conform to the by-laws and the absence of any provision in the application for a substitute beneficiary is important as indicating the absence of any intention at the time on the part of the member to make provision for any one except his then wife and emphasizes the correctness of our position that it was the intention of the parties at the time to permit the question of a substitute beneficiary to be settled by the by-laws. The by-laws were changed during the life of the named beneficiary and the change was in force at the time of Dieterich's marriage to plaintiff and he must have known that fact and if he wanted the benefit paid to his heirs in preference to his second wife, to whom it would go under the by-laws as then in force, he could easily have made it so by naming them as substituted beneficiaries in the manner provided by the by-laws. Having failed to designate a new beneficiary he must be held to have intended to let that matter be settled by the by-laws.

Our conclusion is that the change in the by-laws was reasonable and in harmony with the general purposes of the association and not in derogation of any right secured to the member and was fully authorized by the terms of the contract between the member and the association. In so holding, we are in harmony with the decided cases in this state. See Lowine v. Supreme Lodge K. of P., 122 Mo. App. 547, 99 S. W. 821, where the authorities are reviewed and the relation of the parties to each other and their respective rights are exhaustively treated. Also, Zimmerman v. Supreme Tent K. O. T. M., 122 Mo. App. 591, 99 S. W. 817. The judgment in this case should have been for plaintiff.

The judgment is reversed and the cause remanded with directions to enter a judgment for plaintiff and order the money deposited in court paid to her. All concur.

## ON MOTION TO MODIFY JUDGMENT.

COX, J.—Appellant has filed motion to modify our judgment, insisting that she is entitled to judgment against defendant, Modern Woodman of America, for the reason that the order of the trial court discharging it was erroneous. The record shows that the answer of the defendant in the nature of a bill of interpleader was passed upon and the money paid into court on May 8, 1911 and defendant discharged on that day. The case then went to trial as between plaintiff and the heirs who had appeared and answered and judgment was rendered as between these litigants on May 25. Motion for new trial was filed on the same day.

We are precluded from reviewing the action of the court in discharging defendant, Modern Woodman of America, for the reason that such discharge was a final judgment and could have been appealed from and as no motion to set this judgment aside was filed for more than four days after its rendition, the appeal did not bring it here for review. [Rozelle v. Bank, 119 Mo. 84, 24 S. W. 744; Davison v. Hough, 165 Mo. 561, 578, 65 S. W. 731; Glassner v. Weisberg, 43 Mo. App. 214; State ex rel. v. Kumpf, 62 Mo. App. 335; Duke Lennon & Co. v. Duke & Woods, 93 Mo. App. 244, 250; Liffman Morrison & Co. v. Warren, 94 Mo. App. 486, 68 S. W. 225.] The motion to modify judgment is overruled. All concur.