## HINES v. MODERN WOODMEN OF AMERICA *et al.*

No. 3255.    Opinion Filed December 20, 1913.

(137 Pac. 675.)

1.  INSURANCE—Fraternal Benefit Society—Effect of Regulations—Contract of Insurance. The terms of a contract between a fraternal benefit society and its members are to be determined by the constitution and laws of the society as they exist at the beginning of the membership, and as they may be lawfully amended from time to time thereafter, and by agreement made pursuant thereto between the incoming members and the society.

2.  SAME—Power to Change Regulations. The power accorded to such a society in its charter to alter and repeal its constitution, by-laws, rules, and regulations enters into and forms part of the contract of insurance between the society and its members, when the latter, as applicants for membership, promise not only to conform to and abide by the constitution and laws of the society as they then exist but also as they may be thereafter altered or amended.

3.  SAME—Right to Change Regulations. Such reserve power of amendment and repeal does not, however, give the society any right to adopt a by-law which will divest, impair, or disturb the rights once vested in its members, for such a by-law would be unreasonable.

4.  SAME—Fraternal Benefit Certificate—Rights of Beneficiary. A beneficiary named in a fraternal benefit certificate only acquires a vested right in the benefits accruing thereunder on the member's death.

5.   **SAME**—Fraternal Benefit Society—Amendment to By-Laws—Effect of Death of Beneficiary.   Though a benefit certificate, naming the member's mother as beneficiary, provided that, in case of death of the beneficiary before death of the member, and a failure by him to designate another beneficiary, the benefit should be paid to his heirs, and a like provision was in the by-laws in force when the certificate was issued; yet, it being provided in the application that the association's laws "now in force or hereafter enacted" enter into and become a part of every contract between it and a member and govern all rights thereunder, and it being declared by the by-laws a purpose of the association to furnish indemnity to the beneficiaries of members, "in accordance with the articles of association, by-laws, rules and regulations" of the association, not inconsistent with the laws of the state, a change in the by-laws, whereby, on death of the named beneficiary and failure of the member to make a new designation, his wife at the time of his death should take, in preference to his heirs, being reasonable and in harmony with the general purpose of the association, and not in derogation of any right secured to him, and fully authorized by the terms of the contract, governed.

(Syllabus by Galbraith, C.)

*Error from District Court, Kingfisher, County;*
*Jas. B. Cullison, Judge.*

Action by Maggie E. Hines against the Modern Woodmen of America and others.   Judgment for defendants, and plaintiff brings error.   Reversed and remanded, with directions.

*F. L. Boynton,* for plaintiff in error.

*Hinch & Bradley,* for defendant in error Redmond.

Opinion by GALBRAITH, C.   This was an action commenced in the district court of Kingfisher county, by Maggie E. Hines, widow of John Hines, deceased, upon a benefit certificate issued by the Modern Woodmen of America, a fraternal, beneficial association with an insurance feature, incorporated under the laws of the state of Illinois and authorized to do business in the state of Oklahoma.   The certificate was issued to John Hines under date of March 1, 1901, and provided for the payment of $1,000 to the beneficiary named therein, or the heirs, or widow, upon the death of John Hines.   It was alleged in the petition that the deceased, John Hines, was a member of the Local Camp, Modern Woodmen of America, at Cashion, Kingfisher county, Okla., and that the certificate was issued to him, as provided by

the constitution and by-laws of said society, and that he had complied with all the provisions of the contract on his part to be performed up until the time of his death on March 22, 1910; that said certificate at the time it was issued named as beneficiary Mary Hines, the mother of said deceased, and that Mary Hines died in January, 1905, prior to the death of said John Hines, and that John Hines never exercised the right given him by the by-laws of said society to nominate another beneficiary; that the by-laws of said association at the time said certificate was issued provided that in case of the death of the beneficiary named in the certificate prior to the death of the insured, and the insured failing to nominate another beneficiary, then the amount of the certificate should be paid to his heirs upon his death, but that prior to the death of said John Hines, to wit. in March, 1908, the by-laws of said association were regularly changed, providing that, in case of the death of the beneficiary named in the certificate and the failure of the insured to nominate another, the amount of the certificate should be paid to the surviving widow, if any; that this amended by-law controlled the disposition of the amount due under the certificate involved in this suit, and that thereunder the plaintiff, as the surviving widow, was entitled to the entire amount; that Mary Redmond, a sister of the deceased, and Daniel Hines, a brother, were claiming an interest in the proceeds of said certificate as the heirs of John Hines, deceased, and were not lawfully entitled to any part thereof; and that the defendant Charles Goetsinger, the duly qualified administrator of the estate of John Hines, deceased, was claiming the amount of said certificate, provided the same was due and payable to the heirs of deceased. The prayer was that the claim of these heirs and the administrator be denied, and that the entire amount of the certificate be adjudged due the plaintiff, as the widow, and that judgment be rendered accordingly against the defendant the Modern Woodmen of America.

It appears that Daniel Hines filed a disclaimer, as did also Charles Goetsinger, as administrator, and the Modern Woodmen of America filed an answer admitting the execution of the certificate and the death of John Hines, and that they owed on said

certificate the sum of $1,000; that demand was being made on them by the widow for the full amount and by the brother and sister of the deceased; and that they did not know which was entitled to payment, and asked for their own protection that the court determine to whom the amount should be paid, and offered to pay the amount of the certificate in to the clerk of the court in order that the court might direct the distribution thereof.

The case was submitted to the court for trial; the facts being admitted by stipulation of the parties. The court found that the allegations of the petition were true and concluded, as a matter of law, that the amendment to the by-laws of the Modern Woodmen of America, subsequent to the issuance of the benefit certificate, was inoperative to modify the terms of the certificate making the heirs of John Hines contingent beneficiaries in the event of the death of the beneficiary named before that of John Hines, and held that the amount of the certificate was payable to the heirs of John Hines, and entered judgment against the defendant Modern Woodmen of America in favor of the plaintiff for $500 and in favor of Mary Redmond for $250, and left $250 of the amount due undisposed of by the judgment.

An appeal from the judgment was duly perfected to this court by Maggie E. Hines, and the only assignment of error is that the court erred in its conclusions of law in holding that the changes in the by-laws of the Modern Woodmen of America subsequent to the issuance of the certificate in suit was inoperative thereon.

Counsel for Mary Redmond argue that she, as an heir of John Hines, had a right in this certificate, and that the same became a vested right at the time of the death of Mary Hines, the beneficiary therein named, since the by-laws of the association at that time made the heirs the contingent beneficiaries upon the death of the beneficiary named and the failure of the insured to name another. We cannot agree with this contention, since the law is well settled that the beneficiary named in a fraternal benefit certificate only acquires a vested interest in the benefits accruing thereunder upon the member's death. *Holden v. Mod-*

*ern Brotherhood of America,* 151 Iowa, 673, 132 N. W. 329; *Masonic Mut. Ben. Soc. v. Burkhart,* 110 Ind. 189, 10 N. E. 79, 11 N. E. 449; *Masonic Mut. Ben. Ass'n v. Severson,* 71 Conn. 719, 43 Atl. 192; *O'Brien v. Supreme Council,* 176 N. Y. 597, 68 N. E. 1120; *Miller v. Natl. Council, K. of L.,* 69 Kan. 234, 76 Pac. 830; *Farmers' Mut. Ins. Co. v. Kinney,* 64 Neb. 808, 90 N. W. 926; *Ross v. Mod. Bros.,* 120 Iowa, 692, 95 N. W. 207; *Pain v. Soc. St. J. B.,* 172 Mass. 319, 52 N. E. 502, 70 Am. St. Rep. 287. Prior to the death of the member, the right of the beneficiary is intangible and purely contingent, depending upon the chance of the beneficiary being changed either by the act of the member or by the association prior to the death of the member.

The application for membership in the society made by John Hines provided, among other things, as follows:

"I further understand and agree that the by-laws of this society now in force, or hereafter enacted, enter into and become a part of every contract of indemnity by and between the members and the society and govern all rights thereunder."

And also:

"I further agree that the foregoing answers and statements, together with the preceding declarations, shall form the basis of the contract between me and the Modern Woodmen of America, and are offered by me as a consideration for the contract applied for, and are hereby made a part of any benefit certificate that may be issued on this application and shall be deemed and taken as a part of such certificate; that this application may be referred to in said benefit certificate as the basis thereof; and that they shall be construed together as one entire contract."

The Supreme Court of Connecticut said in regard to this question:

"The power of amendment thus reserved gave the order the right to change its laws, so long as these were not contrary to law or unreasonable; and the terms of the contract of insurance with its members made such changes a part thereof. *Gilmore v. Knights of Columbus,* 77 Conn. 58, 61, 58 Atl. 223 [107 Am. St. Rep. 17, 1 Ann. Cas. 715]; *Reynolds v. Royal Arcanum,* 192 Mass. 158, 78 N. E. 129 [7 L. R. A. (N. S.) 1154, 7 Ann. Cas. 776]. The promise of the members is to abide by all by-laws then existing or thereafter adopted which carry out the purposes

of the order or help fulfill its obligations arising through its contracts of insurance." (*Kane v. Knights of Columbus,* 84 Conn. 96, 105, 79 Atl. 63, 66.)

The Supreme Court of Missouri has recently passed upon this identical question in construing a similar contract of indemnity to that involved in this suit. In *Dieterich v. Modern Woodmen of America,* 161 Mo. App. 97, at page 103, 142 S. W. 460, at page 461, it said:

"The by-laws of the defendant, providing for a substitute beneficiary in case of the death of the named beneficiary prior to the death of the member, were changed in 1901, and again in 1908, in both of which it was provided that in such a case the benefit should be first paid to the wife or widow, and, if no widow was left, then to other persons in the order therein named. The question for our determination is whether, under the amendment to the by-laws, made after this certificate was issued, by which, on failure of the named beneficiary and failure of the member to make a new designation, the wife at the time of the death of the member should take in preference to the heirs. This question must be determined by the construction of the contract between the association and its members, which is evidenced by the application for membership, the benefit certificate, and the by-laws of the association, as far as they are applicable. We first call attention to the expressed purposes of this association, as given in its by-laws in force at the time this certificate was issued. It is as follows: 'Purposes. The purposes of this society shall be, the affording of substantial benefits to and the promotion of fraternal relations among its members during life, and the furnishing of financial aid and indemnity to the beneficiaries of beneficial members (after death of such beneficial members), *in accordance with the articles of association, by-laws, rules and regulations of this society and not inconsistent to the laws of the state of Illinois.'* (Italics are ours.) It is here made a declared purpose of the association to do certain things and to do them in accordance with its own articles of association, by-laws, rules, and regulations. The member is presumed to know the provisions of the articles of association and by-laws of the association of which he is a member (*Harvey v. Grand Lodge A. O. U. W.,* 50 Mo. App. 472, 477; *McMahan v. Maccabees,* 151 Mo. 522, 537, 52 S. W. 384) and must have contracted in this case · with full knowledge that the by-laws might be amended at any time, for they so provided. He also contracted with knowledge that it was the purpose of this association to perform its func-

tions according to its own by-laws, rules, and regulations; and hence, if there was any feature connected with his purpose in becoming a member which, under the law, was subject to change, and which he wished to guard against possible change, he should have erected such guard in terms in his contract. As to the amount of the indemnity and the person to whom it should be paid, and his right to name a substitute in case of the death of the beneficiary, his rights were clear and beyond the power of the association to change against his will. The provision for disposition of the fund, in case of failure of the beneficiary and failure on his part to renominate the beneficiary, is not touched upon in his application for membership and indemnity. From this fact alone, it would appear that at the time he secured the certificate he only had in mind provision for his then wife, Frances Dieterich, for she was the only person he named in his application to whom he desired the indemnity paid. This application, like the certificate itself, was upon a blank form, evidently prepared by the association to conform to the by-laws, and the absence of any provision in the application for a substitute beneficiary is important as indicating the absence of any intention at the time on the part of the member to make provision for any one, except his then wife, and emphasizes the correctness of our position that it was the intention of the parties at that time to permit the question of a substitute beneficiary to be settled by the by-laws. The by-laws were changed during the life of the named beneficiary, and the change was in force at the time of Dieterich's marriage to plaintiff, and he must have known that fact; and if he wanted the benefit paid to his heirs, in preference to his second wife, to whom it would go under the by-laws as then in force, he could easily have made it so by naming them as substituted beneficiaries in the manner provided by the by-laws. Having failed to designate a new beneficiary, he must be held to have intended to let that matter be settled by the by-laws. Our conclusion is that the change in the by-laws was reasonable and in harmony with the general purposes of the association, and not in derogation of any right secured to the member, and was fully authorized by the terms of the contract between the member and the association. In so holding we are in harmony with the decided cases in this state. See *Lewine v. Supreme Lodge K. of P.*, 122 Mo. App. 547, 99 S. W. 821, where the authorities are reviewed, and the relation of the parties to each other and their respective rights are exhaustively treated. Also *Zimmerman v. Supreme Tent Knights of Maccabees*, 122 Mo. App. 591, 99 S. W. 817. The judgment in this case should have been for plaintiff."

This decision of the Missouri Supreme Court leaves little, if anything, to be said upon the question, and its reasoning is so clear and convincing that we are constrained to adopt it and to hold it conclusive in favor of the contention made in the case at bar on behalf of the plaintiff in error. The association, under the express terms of its contract with John Hines, reserved the right to change and amend its by-laws and in that way change and modify its contract with him so long as such change was reasonable and fair. There can be no serious question about the change effected by the amendment of the by-laws of 1908; naming the surviving widow in place of the heirs as the beneficiary under the certificate was reasonable and fair and intended to uphold and advance the beneficial purposes of the association. The heirs have no legal right to complain at this change and are concluded thereby.

It follows that the conclusions of the trial court as to the law of the case were wrong. He should have found that the entire amount of the certificate should be paid to the surviving widow, and rendered judgment accordingly.

For these reasons the judgment appealed from should be vacated, and said cause remanded to the district court of Kingfisher county, with directions to enter judgment against the Modern Woodmen of America in favor of the plaintiff in error, Maggie E. Hines, for $1,000.

By the Court: It is so ordered.