No. 28,837.

FRANKLIN GUY, *Appellant*, v. MODERN WOODMEN OF AMERICA and ANNA SWAIN, *Appellees*.

(280 Pac. 756.)

Opinion filed October 5, 1929.

*E. E. Martin*, of Kansas City, for the appellant.

*George G. Perrin, Truman Plantz, Jr.,* both of Rock Island, Ill., and *F. M. McDavid*, of Springfield, Mo., for appellee Modern Woodmen of America; *H. Earl Meade* and *W. L. Wood*, both of Kansas City, for appellee Anna Swain.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff, a resident of France, sued the Modern Woodmen of America to recover as a beneficiary named in the certificate issued by that organization to Edward L. Swain, the father of the plaintiff. Anna Swain, the widow of Edward L. Swain, was made a party defendant. Each of the defendants answered. The plaintiff demurred to each of the answers. The demurrers were overruled. From those orders the plaintiff appeals.

The petition alleged that on September 12, 1907, a beneficiary certificate was issued to Edward L. Swain in which Anna Swain and the plaintiff were named as beneficiaries, one-half payable to each;

that Edward L. Swain died on March 6, 1928; that proof of death was made; and that there was due the plaintiff $1,000 under the certificate which the defendants refused to pay.

The answer of Anna Swain pleaded that the application for the certificate and for membership in the order contained the following: "Do you understand and agree that the laws of this order now in force, or hereafter enacted, enter into and become a part of every contract of indemnity between the members of the order and govern all rights thereunder? Answer, 'Yes' "; that the certificate issued to Edward L. Swain provided "that all the conditions contained in this certificate and the by-laws of this society, as the same now exist, or may be hereafter modified, amended, or enacted, shall be fully complied with"; and that the conditions contained in the certificate were accepted in writing on the face of the certificate in the manner following: "I hereby accept the above benefit certificate, and agree to all of the conditions therein contained.—Edward L. Swain." The answer of Anna Swain further alleged that in June, 1925, the Modern Woodmen of America enacted that part of section 51 of the by-laws which provided that "the amount to be paid under the benefit certificate shall not be paid to any person who is not an actual resident of the United States, or its dependencies, or the Dominion of Canada"; that such enactment became effective September 1, 1925; that the plaintiff is a resident of Paris, France; that $1,000 had been paid under the certificate to Anna Swain; that both the plaintiff and Anna Swain were claiming the other $1,000 payable under the certificate; and that the defendant Modern Woodmen of America had paid the money into court to abide the judgment of the court as to who should receive the money, the plaintiff or Anna Swain. The answer of Anna Swain concluded with a prayer that the plaintiff take nothing and that Anna Swain be decreed the lawful owner of the remaining $1,000 due under the certificate.

A copy of the by-laws of the Modern Woodmen of America was attached to the answer of Anna Swain and made a part of it. In section 51 of the by-laws reference is made to section 50, which provided that "no certificate shall be made payable to any person or charitable institution that is not an actual resident of the United States, or its dependencies, or the Dominion of Canada." The answer did not disclose when this provision became a part of section 50.

The question argued is the binding effect of that part of section 51 of the by-laws which prohibited the payment of the certificate to any person not a resident of the United States, or its dependencies, or of the Dominion of Canada, which provision was adopted after the certificate had been issued. The plaintiff contends that it had no binding effect on the certificate issued to Edward L. Swain or on the beneficiaries named in the certificate. Anna Swain argues that when Edward L. Swain made application for membership in the Modern Woodmen of America, and when the certificate was issued to him, he agreed that the organization could properly enact subsequent by-laws and that they would be binding on him and on the beneficiaries named in the certificate.

The rule is that the subsequently enacted rules, regulations and by-laws of a fraternal insurance organization, adopted after the issuance of a beneficiary certificate therein, are binding on both the member of the organization and on the beneficiaries named in the certificate where the certificate provides that it is issued subject to all rules, regulations and by-laws then existing or that may thereafter be adopted. (*Miller v. National Council,* 69 Kan. 234, 76 Pac. 830; *Boman v. Bankers Union,* 76 Kan. 198, 204, 91 Pac. 49; *Maccabees v. Nelson,* 77 Kan. 629, 635, 95 Pac. 1052; *Hart v. Annuity Assoc.,* 86 Kan. 318, 323, 120 Pac. 363; *Moore v. Annuity Association,* 95 Kan. 591, 148 Pac. 981; *Kirk v. Aid Association,* 95 Kan. 707, 149 Pac. 400; *Uhl v. Life Association,* 97 Kan. 422, 155 Pac. 926; *Dey v. Knights & Ladies of Security,* 113 Kan. 86, 213 Pac. 1066; *Roper v. Columbian Circle,* 113 Kan. 280, 283, 214 Pac. 421.) The rule stated is modified by the principle that subsequently adopted rules, regulations and by-laws must be reasonable. There is nothing in the pleadings in the present action to indicate that the adopted by-law operated unreasonably.

The quoted part of section 51 of the by-laws was adopted in 1925 and made that section conform to the provisions of section 50, which prohibited the issuance of a certificate from being made payable to any person not a resident of the United States, or of its dependencies, or of the Dominion of Canada. It may be inferred from the petition of the plaintiff and the answer of Anna Swain that the plaintiff, when the certificate was issued to Edward L. Swain, was a resident of the United States and was a competent beneficiary, qualified to be named as such under section 50 of the by-laws. By his voluntary act in transferring his residence from the United States

to Paris, France, he disqualified himself to receive payment as a beneficiary and cannot enforce payment under the certificate.

The by-laws of the Modern Woodmen of America provided for a change of the beneficiary named in a certificate issued to a member. Under those circumstances, the plaintiff did not have a vested interest in the certificate until the death of Edward L. Swain and then only in the event that no change had been made in the beneficiary during the lifetime of Edward L. Swain. (1 Bacon on Benefit Societies and Life Insurance, 3d ed., §§ 291a, 304; 45 C. J. 196; *Sluder v. National Americans,* 101 Kan. 320, 166 Pac. 482.) The contract was between Edward L. Swain and the organization. The plaintiff was not a party to that contract. It could be changed without his consent.

It would have been error to have sustained the demurrer to the answer of Anna Swain.

■ The answer of the Modern Woodmen of America set out a copy of the certificate issued to Edward L. Swain, set out a copy of by-law No. 51, and alleged that the plaintiff was a resident of Paris, France; that the plaintiff, on account of his residence, was disqualified to take as a beneficiary under the certificate; that payment of $1,000 had been made under the certificate to Anna Swain; and that both the plaintiff and Anna Swain were claiming the remaining $1,000 due under the certificate. The answer prayed that the Modern Woodmen of America be permitted to deposit the disputed $1,000 with the clerk of the court to abide the judgment and order of the court. The money was deposited with the clerk and is there to abide the final determination of this action. There was a substantial compliance with section 60-418 of the Revised Statutes, and the defendant was thereafter discharged from liability to the plaintiff. It was not error to overrule the plaintiff's demurrer to the answer of the Modern Woodmen of America.

The judgments are affirmed.