[No. 23305. Department Two. December 18, 1931.]

NELLIE BLANCHE LIPTAU et al., Appellants, v. MODERN WOODMEN OF AMERICA, Defendant, MINNIE F. ADAMS, Respondent.[1]

[1]Reported in 5 P. (2d) 1043.

*Paul Shaffrath* and *Benton Embree,* for appellants.
*John J. Kennett,* for respondent.

MAIN, J.—This is a controversy over who is entitled
to a fund provided for in a fraternal mutual benefit
certificate. The plaintiffs are the children of Archi-
bald P. Adams, deceased. The defendants are the
widow of the deceased and the Modern Woodmen of
America, which issued the certificate. The Modern
Woodmen of America paid the fund into court and
was dismissed out of the proceeding. The controversy
between the children and the widow was tried to the
court without a jury, and resulted in findings of fact
from which the court concluded that the widow was
entitled to the fund. Judgment was entered in her be-
half, and the plaintiffs appeal.

The facts are these: The Modern Woodmen of
America (which will be referred to as the society) is
a fraternal mutual benefit society incorporated under
the laws of Illinois, having its head camp and principal
place of business in Rock Island, in that state. June
4, 1900, Mr. Adams, then residing at White Cloud, in
the state of Kansas, made a written application to the
society for membership therein. In the application was
this provision:

"I direct that the Benefit Certificate which may be
issued to me in pursuance of this application recite as
beneficiaries the following named, and to each the
amount designated, whose relationship to me I certify
to be as stated, viz:

$2000, Name to Alice E. Adams, Residence White
Cloud, State of Kansas, Relationship wife."

In pursuance of this application, the society issued
a certificate to Mr. Adams which bears date of June
14, 1900, and which was delivered to him at his then
residence. In 1901, Mr. Adams, together with his wife,

who was designated as the beneficiary in the application and the certificate, and family moved to the state of Washington, and thereafter resided here. Alice E. Adams, the wife, died August 17, 1910. Mr. Adams remained unmarried until January 28, 1923, when he was married to Minnie F. Adams, the respondent. May 25, 1930, Mr. Adams died. The question then arose as to whether the children or the widow who survived him was entitled to the $2,000 fund mentioned in the certificate. The certificate, after making certain recitals, provides that the member,

". . . in case of his death while a beneficial member of this society in good standing, be entitled to participate in the benefit fund of this society to the amount of $2,000, to be paid to the said beneficiary or beneficiaries, to-wit: Alice E. Adams, related to said member in the relationship of wife; . . ."

and provided further that,

". . . in the event of the death of any beneficiary prior to the death of said Neighbor, and upon his failure to designate another beneficiary, then the amount to be paid under this certificate shall be due and payable to the other surviving beneficiaries, if any there be, or if none survive him, then to the legal heirs of said Neighbor."

The first question to be determined is whether the member designated his "legal heirs" as beneficiaries. In the application, Alice E. Adams, the member's then wife, was designated as beneficiary, and in the certificate she was likewise designated. Subsequent to this designation in the certificate, there are two provisos: First, that the member shall comply with all the conditions contained in the certificate and the by-laws of the society "as they now exist or may be hereafter modified;" and second, that, in the event of the death of the beneficiary prior to the death of the member and upon his failure to designate another bene-

ficiary, then the amount to be paid after the certificate shall be due and payable to the other surviving beneficiaries, and if there be none, "then to the legal heirs of said Neighbor."

The "legal heirs" in this certificate were not designated by the member as beneficiaries. As stated in his application, he expressly designated his wife, and likewise in the certificate. Under the language of the certificate, the heirs were only to take in the event that the death of the beneficiary occurred prior to the death of the member and upon his failure to designate another beneficiary. The right of the legal heirs to take is expressly contingent upon the failure of a member to designate a beneficiary after the one mentioned in the certificate had died. Had the member intended to designate his legal heirs as beneficiaries, he would undoubtedly have so recited in his application and they would have been so designated in the certificate. But this was not done.

The legal heirs mentioned in the certificate not being designated as beneficiaries by the member, the next question is whether the society, by a subsequent by-law, had a right to provide that, in case the beneficiary named in the certificate dies and the member fails to designate another, the fund shall go to the widow.

In his application, Mr. Adams expressly agreed to conform in all respects to the laws, rules and usages of the society then in force "or which may hereafter be enacted and adopted by same." In the certificate, it was provided, as already stated, that the payment of the fund was contingent upon the member's compliance with all the conditions contained in the certificate and the by-laws of the society as they then existed or "may be hereafter modified or enacted." It thus appears that, by the contract between Mr. Adams and the

society, it was expressly agreed that he should be bound by subsequently enacted by-laws. The subsequently enacted by-law was binding upon the member, and he was conclusively presumed to have knowledge of the contents of the same. *Miller v. Supreme Tent etc. Maccabees,* 108 Wash. 689, 185 Pac. 593.

A member of a fraternal mutual benefit society, where he agrees in his application for membership to be bound by the laws and rules of the society then in force and thereafter adopted, is bound by the by-laws of the society thereafter enacted, in so far as they are reasonable. *Fordyce v. Modern Woodmen of America,* 129 Wash. 364, 225 Pac. 434. A subsequently enacted by-law which provides that the fund, in the event that the beneficiary named in the certificate dies before the member, shall go to the widow instead of to the heirs, as provided in the by-law at the time the certificate was issued, has repeatedly been held to be reasonable. *Hines v. M. W. A.,* 41 Okla. 135, 137 Pac. 675, L. R. A. 1915A, 264; *Guy v. M. W. A.,* 128 Kan. 745, 280 Pac. 756; *Dean v. Dean,* 162 Wis. 303, 156 N. W. 135.

In the case now before us, at the time the certificate was issued, there was no by-law of the society providing that, in the event that the beneficiary named in the certificate died prior to the member, the fund should go to the heirs; but that fact, as stated, was recited in the certificate. The recital that, in the event the beneficiary named in the certificate died prior to the death of the member and he failed to designate another beneficiary, the fund then should go to his heirs, can have no greater force and effect than would a by-law so providing. The recital of legal heirs in the certificate was undoubtedly in accordance with the practice of the society, there being no by-law covering the matter at that time, and was subject to be controlled by a by-law thereafter enacted.

The respondent being the widow of the deceased and the beneficiary named in the certificate having died prior to the member, she was entitled to the fund in accordance with the by-law.

The briefs in this case cover a much wider field than this opinion would seem to indicate, but we have considered all the matters which appear to us to be material. It would serve no useful purpose to discuss questions which are not necessary to the determination of the controversy.

The judgment will be affirmed.

TOLMAN, C. J., BEALS, HOLCOMB, and MILLARD, JJ., concur.

