Lizzie Busing, Appellee, v. Modern Woodmen of America, Appellant.

INSURANCE—*effect of waiver of one defense upon another kindred defense.* Even though a waiver of a defense predicated upon the excessive use of intoxicating liquors may be established, yet such a waiver does not extend to and include the separate and distinct defense predicated upon the death of the insured having resulted directly or indirectly from his intemperate use of intoxicating liquors.

*Assumpsit.* Appeal from the Circuit Court of Ford county; the Hon. T. M. HARRIS, Judge, presiding. Heard in this court at the May term, 1909. Reversed with finding of facts. Opinion filed October 25, 1909. Rehearing denied November 24, 1909.

Truman Plantz, George G. Perrin and L. A. Cranston, for appellant.

A. L. Phillips and M. L. McQuiston, for appellee.

Mr. Presiding Justice Baume delivered the opinion of the court.

Appellee, Lizzie Busing, the beneficiary named in a benefit certificate issued to her husband, Adolph Busing, by the Modern Woodmen of America, a fraternal beneficiary society, appellant, recovered a verdict and judgment in the Circuit Court of Ford county against appellant for the sum of $3000 in her suit upon said benefit certificate. The declaration set out the benefit certificate which provides in part, that the insured: "is, while in good standing, entitled to the privileges of this society and his beneficiary or beneficiaries hereinafter named shall, in the case of his death while a beneficial member of this society in good standing, be entitled to participate in the benefit fund of this society to the amount of three thousand dollars, to be paid to the said beneficiary, to-wit: Lizzie Busing, related to said member in the relationship of wife; provided, however, that all the conditions contained in this certificate and the by-laws of this society, as the same now exist or may be hereafter modified or enacted, shall be fully complied with. * * *

"If the member holding this certificate shall become intemperate in the use of alcoholic drinks * * * then this certificate shall be null and void and of no effect, and all moneys which have been paid and all rights and benefits which may have accrued on account of this certificate, shall be absolutely forfeited and this certificate become null and void. * * *

"This certificate and contract is and shall be subject to forfeiture for any of the causes of forfeiture which are now prescribed in the by-laws of the society, or for any other cause or causes of forfeiture which

may be hereafter prescribed by this society by amendment of said by-laws.''

To the declaration the appellant pleaded the general issue and certain special pleas wherein it averred that the insured became intemperate in the use of alcoholic drinks; that the by-laws of appellant provided that if any member of the society should become intemperate in the use of alcoholic liquors or if his death should result indirectly from his intemperate use of intoxicating liquors, such benefit certificate should be null and void and all payments made thereon be thereby forfeited, and that the death of the insured resulted indirectly from the use of intoxicating liquors; and that said insured at the time of his death was not a member of appellant society in good standing. Appellee joined issue on the plea of general issue and as to the special plea of appellant that the insured became intemperate in the use of alcoholic liquors, appellee, upon her motion, was granted leave to reply double and in pursuance of such leave she filed her four replications, as follows: First, that the insured did not become intemperate in the use of alcoholic drinks subsequent to the time when said benefit certificate was issued; second, that after the insured made application for membership in appellant society appellant became informed and well knew that the insured had become intemperate in the use of alcoholic drinks, and with full knowledge of the same treated the insured as a member of the society in good standing, and received dues and assessments from him, which it still retains; third, that after the issuance of said benefit certificate appellant by its agents became informed and well knew that the insured had become intemperate in the use of alcoholic drinks and after such knowledge received dues and assessments from the insured; fourth, that after the issuance of said benefit certificate, appellant, by its agents, accepted from said insured dues and assessments up to the time of his death, and still retained the same, well knowing that the in-

sured became intemperate in the use of alcoholic drinks. To said second replication appellant interposed its general demurrer which was overruled by the court, and thereafter appellant joined issue on said replications and appellee joined issue upon said second and third pleas of appellant.

The by-laws of the appellant society, which are a part of the contract of insurance, were offered in evidence, and the several sections thereof here particularly involved, are as follows:

"Section 40. No Waiver of Any By-law. No officer of this Society, except as provided in Section 107 hereof, nor any local Camp officer, is authorized or permitted to waive any of the provisions of the By-laws of this Society, which relate to the contract between the member and the Society, whether the same be now in force or hereafter enacted.

"Section 107. May Grant Dispensations. The Head Consul may grant written dispensations for any purpose except to admit a person to membership who is not eligible thereto under the laws of this Society; and provided, further, that he shall not have the power to do anything that will in any manner impair the contract of a Beneficial member of this Society.

"Section 287. Clerk Declared to be the Agent of Local Camp. The Clerk of a Local Camp is hereby made and declared to be the agent of such Camp, and not the agent of the Head Camp, and no act or omission on his part shall have the effect of creating a liability on the part of this Society, or of waiving any right or immunity belonging to it.

"Section 276. Adviser. Duties. The Adviser shall be the second officer in rank in the local Camp. He shall have charge of the movements and decorum of the Camp, and of the entrance and exit of those present, subject only to the further will of the Consul. He shall preside and perform all the duties of Consul in case of the absence or disability of the latter. Should the office of Consul become vacant by death, resignation, or otherwise, the Adviser shall succeed to the office.

In case of the absence or disability of both the Consul and Adviser, the Banker shall preside and perform the duties of Consul.

"Sec. 14. Prohibition Against Intemperance. If any member of this Society, heretofore or hereafter adopted, shall become intemperate in the use of intoxicating liquors, or in the use of drugs or narcotics, or if his death shall result directly or indirectly from his intemperate use of intoxicating liquors, drugs, or narcotics, then the benefit certificate held by said neighbor shall by such acts become and be absolutely null and void, and all payments made thereon shall be thereby forfeited."

Adolph Busing became a member of Drummer Camp No. 235 of appellant society, at Gibson City on December 3, 1897, and paid all dues and assessments up to the time of his death on January 16, 1908. It is established by a preponderance of the evidence that for some time prior to his death Busing had become intemperate in the use of alcoholic liquors, and that the immediate cause of his death was uraemia, which disease was specially caused by alcoholism. It is urged that the predominant question in the case is whether or not appellant waived its right to rely upon the provisions of the certificate and by-laws relating to the intemperate use by Busing of intoxicating liquors as a defense to this action upon such certificate.

The evidence bearing upon the question of waiver is, that one Robert Ashby, who held the office of worthy adviser of Drummer Camp in 1902, and the office of venerable consul in 1905, had observed that Busing was under the influence of intoxicating liquors on numerous occasions and had become intemperate in the use of intoxicating liquors; and that when he was such worthy adviser he notified the clerk of said camp to stop Busing's assessments, because the latter was drinking liquor to excess; and the testimony of one John Pierpont, who held the office of clerk in said camp, and whose duty it was to collect dues and assessments from the members, that while he had no notice

during the sessions of said camp that Busing was intemperate in the use of intoxicating liquors, he had heard that Busing was using intoxicating liquors to excess, and when he collected dues and assessments from Busing the latter appeared to be under the influence of liquor. It is insisted on behalf of appellant that the doctrine of waiver has no place in the case, because by section 40 of the by-laws, which are a part of the contract of insurance, it is expressly provided that no local camp officer is authorized or permitted to waive any of the provisions of the by-laws which relate to the contract of insurance, and because by section 287 of said by-laws the clerk of a local camp is declared to be the agent of such camp and not the agent of the Head Camp, and no act or omission on the part of such clerk shall have the effect of creating a liability or of waiving any right or immunity belonging to the society.

In the view we are compelled to take of this case it is unnecessary to determine whether or not the sections of the by-laws referred to preclude appellee from asserting the doctrine of waiver as to the defense interposed by appellant that the certificate became null and void by the intemperate use of Busing of intoxicating liquors, and we do not regard that question as the predominant one in the case.

As heretofore stated it is established by a preponderance of the evidence that the death of Busing was caused directly or indirectly by alcoholism, or the excessive use by him of intoxicating liquors. There is no claim by appellee that there is any evidence in the record tending to show that appellant waived its right to interpose the defense, that the certificate became null and void by reason of the death of Busing resulting directly or indirectly from the excessive use of intoxicating liquors. The two grounds of defense to a recovery upon the certificate, namely, the excessive use of intoxicating liquors, and the death of the insured resulting directly or indirectly from his intem-

perate use of intoxicating liquors, are wholly separate and distinct, and evidence tending to show a waiver of the former ground of defense only does not tend to show a waiver of the latter ground of defense. Newman v. Covenant Mut. Ben. Assn., 40 N. W. Rep. 87.

The death of the insured having resulted indirectly from his intemperate use of intoxicating liquors, and there being no evidence tending to show a waiver by appellant, or by any of the officers of the local camp, of the right of appellant to avoid the payment of the certificate upon that ground, there can be no recovery in this case, and the judgment of the Circuit Court will be reversed with a finding of facts to be incorporated in the judgment of this court.

*Reversed, with finding of facts.*

Findings of facts: We find that the death of Adolph Busing resulted indirectly from the excessive use of intoxicating liquors, and that the appellant has not waived its right to avoid payment of the certificate sued on, upon the ground that the death of the said Busing resulted therefrom.