CURTIS, Appellant, vs. MODERN WOODMEN OF AMERICA, Respondent.

*December 8, 1914—January 12, 1915.*

*Life insurance: Mutual benefit societies: By-laws subsequently adopted, when binding: Forfeiture: Death caused by use of intoxicants.*

1. A stipulation in a mutual benefit certificate that the insured shall be bound by by-laws thereafter adopted is valid, and such a by-law will be binding upon him if the change made thereby is simply a change in a matter.of detail deemed necessary or advisable to carry out the fundamental principle or plan of insurance, and not a change in a substantial part of the plan itself or a nullification of the existing insurance contract.

2. Thus, under such a stipulation, a subsequently adopted by-law providing that if any member "heretofore or hereafter adopted. shall become intemperate . . . or if his death shall result directly or indirectly from his use of intoxicating·liquors," his certificate shall become null and void, is valid and binding upon the insured and the beneficiary.

3. Such by-law provides for two separate and distinct contingencies in which the certificate shall become void: (1) where a member becomes intemperate after the passage of the by-law, and (2) where a member's death results directly or indirectly from his use of intoxicating liquors, regardless of the time when his intemperance began.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.* ·

Action by the beneficiary named in a benefit certificate for $3,000 issued by the defendant upon the life of one Frank H. Curtis, plaintiff's brother. The action was tried by the court. The essential facts are these: The defendant is a fraternal benefit association insuring its members on the assessment plan. It accepted the said Frank H. Curtis as a member April 19, 1892, and issued to.him a benefit certificate. This certificate was surrendered May 13, 1902, and a new certificate issued naming the plaintiff as beneficiary, and containing the condition that if the insured became intemperate in the

use of alcoholic drinks or in the use of drugs or narcotics the certificate should become null and void; also the further condition that the certificate should be subject to forfeiture for any cause or causes then prescribed by the by-laws or which might thereafter be prescribed by the society, by amendment of the by-laws. Frank H. Curtis died April 6, 1913, of delirium tremens due to the intemperate use of intoxicating liquors. About the year 1898 the said Curtis became intemperate in the use of alcoholic drinks and continued so for years to the knowledge of the officers of the local camp or lodge, of which he was a member. The assessments on the certificate continued to be regularly paid, however, and the local camp continued to receive them and transmit them to the head or governing camp. The by-laws provided that no local camp or officer thereof should have power to waive any provision of the by-laws. The head camp never knew that the deceased was intemperate prior to his death. September 1, 1911, the defendant enacted a by-law providing that if any member "heretofore or hereafter adopted" should become intemperate in the use of intoxicating liquors . . . or if his death should result directly or indirectly from the use of intoxicating liquors, then his certificate should become null and void. The assessments on the certificate were fully paid up to the time of the death of the insured. The trial court held that there could be no recovery and dismissed the complaint, and the plaintiff appeals.

For the appellant there was a brief by *Gilbert & Ela,* and oral argument by *Emerson Ela.*

For the respondent there was a brief by *Truman Plantz* and *Kroncke, Sauthoff & Murphy,* and oral argument by *George Kroncke.*

WINSLOW, C. J. We find it unnecessary to decide the question whether the continued receipt of assessments by the local camp with knowledge of the continued intemperance of

the insured and the forwarding of the same to the head camp, together with their retention by the head camp, constituted a waiver of the condition as to intemperance contained in the original by-laws.

The following propositions necessitate affirmance of the judgment:

1. A stipulation contained in the certificate of insurance in a mutual benefit society that the insured shall be bound by by-laws thereafter adopted is valid, and any such by-law will be binding upon the insured provided that the change made by the new by-law is simply a change in a matter of detail deemed necessary or advisable to carry out the fundamental principle or plan of insurance, and not a change in a substantial part of the plan itself or a nullification of the existing insurance contract. *Hughes v. Wis. O. F. M. L. Ins. Co.* 98 Wis. 292, 73 N. W. 1015; *Loeffler v. Modern Woodmen,* 100 Wis. 79, 75 N. W. 1012; *Wuerfler v. Trustees Grand Grove,* 116 Wis. 19, 92 N. W. 433; *Jaeger v. Grand Lodge,* 149 Wis. 354, 135 N. W. 869.

2. The by-law adopted September 1, 1911, simply made a change in the execution of the plan of insurance and not a change in the fundamental principle or plan, nor did it nullify any existing contract; hence it was valid and binding on the insured and the beneficiary.

3. The said by-law provided for two separate and distinct contingencies in which the certificate should become void, viz.: (1) where a member becomes intemperate after the passage of the by-law, and (2) where a member's death results directly or indirectly from his use of intoxicating liquors regardless of the time when his intemperance began. The insured in the present case was clearly included in the second class.

*By the Court.*—Judgment affirmed.

KERWIN, J., took no part.