DEAN and others, Appellants, vs. DEAN, Respondent.

*January 12—February 1, 1916.*

*Evidence: Foreign laws: Pleading: Insurance: Benefit societies: Change of beneficiaries: By-laws must be followed: Waiver by local officers: New by-laws, when binding on member.*

1. The law of another state should be pleaded in order to make evidence thereof admissible.
2. Subject to certain exceptions, a member of a fraternal order who wishes to change the beneficiary named in his certificate must do so in the manner prescribed by his certificate and the laws of the association.
3. Officers of a local lodge, whose duties with regard to a change of beneficiaries are simply ministerial, cannot waive a requirement of the laws of the association that a change must be made by surrender of the certificate and issuance of a new one by the supreme secretary.
4. Where a benefit certificate provides that the insured shall be bound by by-laws thereafter adopted, he will be so bound provided the change made is simply a change in a matter of detail deemed necessary or advisable to carry out the fundamental principle or plan of insurance, and not a change in a substantial part of the plan itself or a nullification of any substantial part of the existing contract of insurance.
5. A new by-law in such a case which made no change except to provide that certain persons should be beneficiaries in case no beneficiary was named when the original beneficiary predeceased the insured, took away no right of the insured and was binding notwithstanding a prior ineffectual attempt of the insured to designate a new beneficiary after the death of the one named in his certificate.

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Reversed.*

The action is brought by the plaintiffs, who are the children .of Chauncey B. Dean, deceased, by his first marriage, to recover upon a benefit certificate for $2,000 issued December 23, 1898, by the Mystic Workers of the World, a fraternal order, on the life of said Chauncey B. Dean. The money having been brought into court by the order, *Clara B. Dean,* widow of the said Chauncey, was substituted as the defendant in the action and the action was tried by the court without a jury.

The material facts were not in dispute and were as follows: The certificate was issued to Chauncey B. Dean at Belvidere, Illinois, December 23, 1898, and provided that the insured was entitled "to participate in the beneficiary fund of the order in the manner and upon the conditions of the contract printed on the back hereof and of the *constitution, by-laws, and rules of the order,* in an amount not exceeding $2,000, which shall at death be paid to Frances K. Dean, bearing relationship to said member as wife." Sec. 40 of the by-laws of the order at that time provided that each person applying to become a benefit member of the order must, among other things, "conform to the requirements of the ritual and agree to abide by the laws of the order then *or thereafter* in force." Sec. 95 provided that the by-laws might be altered or amended at any regular session of the supreme lodge or special session called for that purpose under certain requirements with regard to notice to subordinate lodges. Sec. 79 provided that in case a member desired to make any change of beneficiary "he shall surrender his certificate with a statement thereon in writing stating the change he wishes made, and upon payment of fifty cents to pay the expense the supreme secretary shall issue a new certificate as desired." Sec. 84 provided that no person connected with the order "is authorized to waive any of the provisions of these laws except the supreme master by his written dispensation." No provision was made in the constitution or by-laws with regard to the disposition

of the death benefit in case of the death of the beneficiary be-
fore the death of the insured, no new designation of bene-
ficiaries having been made by the insured.    Frances K. Dean
died March 3, 1899, and Chauncey B. Dean married the de-
fendant, *Clara,* prior to December 2, 1907.    On the last
named date Mr. Dean, who was a practicing lawyer in Bel-
videre, himself wrote upon the certificate the following:

"I, Chauncey B. Dean, to whom the within certificate was
issued, do hereby revoke my former direction as to the pay-
ment of the beneficiary fund due at my death, and now au-
thorize and direct such payment to be made to my wife, *Clara
B. Dean.*

"Witness my hand and seal, this second day of December,
1907.                    CHAUNCEY B. DEAN.    (Seal.)"

He then took the certificate to the secretary of the local
lodge at Belvidere and showed him the revocation.    The sec-
retary told Mr. Dean that according to the constitution it
would be necessary to surrender the old policy and have a
new one issued by the supreme lodge, and that a fee of fifty
cents was required.    Mr. Dean, however, said in substance
that he wished no mention of the matter to be made and no
entry on the lodge books; that he did not wish to surrender
the certificate, he simply wanted the secretary to sign as a
witness and place the seal of the lodge upon it and that would
answer his purpose.    Dean then signed the revocation, the
secretary signed as a witness and placed thereon the lodge
seal, Dean retained the certificate, and it was never surren-
dered nor was any new certificate issued and no entry was
made upon the lodge books.    This constituted the entire trans-
action.    In June, 1912, the by-laws of the order were re-
vised and a new by-law added to the effect that in case the
beneficiary predeceased the insured and no other designation
made, the benefit should be paid first to the widow or wid-
ower, or, if none, to the children, and then in order to the
mother if living, father if living, brothers and sisters if liv-

ing, and lastly to dependents, provided, however, that in case a widow or widower and children survive, the widow or widower not being the parent of the deceased member's children, then payment shall be made to the children.

Dean died January 20, 1914, being at that time a member of the order in good standing and not having made any further attempt to change the beneficiary in the certificate. Upon the trial the statutes of Illinois relating to fraternal insurance associations as well as a number of decisions of the supreme court of that state were offered and received in evidence. The trial court concluded that the attempted revocation of the original beneficiary and the designation of *Clara B. Dean* as beneficiary was legally made; that the contract was an Illinois contract; that the plaintiffs have no claim on the death benefit; that the amendment to the by-laws made in 1912 did not affect or become part of the contract; and that the defendant, *Clara,* was entitled to recover the full sum paid into court. From judgment in accordance with this finding the plaintiffs appeal.

For the appellants there was a brief by *Jeffris, Mouat, Oestreich & Avery,* and oral argument by *O. A. Oestreich* and *M. O. Mouat.*

For the respondent there was a brief by *William Biester* and *Geo. G. Sutherland,* and oral argument by *Mr. Sutherland.*

Winslow, C. J. The contract was an Illinois contract and controlled by Illinois law. Testimony was received against objection showing what the law of Illinois was regarding the effect of a change in the by-laws upon such contracts, although the Illinois law had not been pleaded. Strictly speaking, foreign law should doubtless be pleaded before evidence thereof is admissible. *White v. M., St. P. & S. S. M. R. Co.* 147 Wis. 141, 133 N. W. 148; *Elmergreen v. Weimer,* 138 Wis. 112, 119 N. W. 836. The question is of no mo-

ment here, however.    The law of Illinois is substantially the same as the law of Wisconsin so far as the issues involved in this case are concerned.

There are manifestly two questions in the case: (1) Was the attempted revocation and designation of a new beneficiary valid? and (2) Does the new by-law passed in 1912 affect the rights of the parties?

1. It is settled by a long and consistent line of decisions in this state that a member of a fraternal order who wishes to change the beneficiary named in his certificate must do so in the manner prescribed by his certificate and the laws of the association with three exceptions, none of which are applicable here.    The subject is so fully discussed in the case of *McGowan v. Supreme Court I. O. F.* 104 Wis. 173, 80 N. W. 603, and the later case of *Faubel v. Eckhart,* 151 Wis. 155, 138 N. W. 615, that it seems unnecessary to enlarge upon it here.    See, also, Bacon, Ben. Soc. §§ 307, 308; *Delaney v. Delaney,* 175 Ill. 187, 198, 51 N. E. 961.

Admittedly there was no compliance with the laws of the association here, nor was a substantial compliance even attempted, hence there was no change of beneficiaries, unless compliance with the requirements of the laws was waived. That there was no waiver is clear.    Sec. 84 of the laws provides that no person is authorized to waive any requirements of the laws except the supreme master by written dispensation.    But there would be no waiver even in the absence of this provision.    The duties of the officers of the local lodge with regard to the change of beneficiaries are simply ministerial: the change must be made and the new certificate issued by the officers of the supreme lodge alone.    To hold that officers who cannot by the most solemn writing make a valid change can do so by mere silence would be little short of absurd.    *Grand Lodge A. O. U. W. v. Connolly,* 58 N. J. Eq. 180, 43 Atl. 286.

2. It is settled in this state that where the benefit certifi-

cate provides that the insured shall be bound by by-laws thereafter adopted he will be so bound provided the change made is simply a change in a matter of detail deemed necessary or advisable to carry out the fundamental principle or plan of insurance, and not a change in a substantial part of the plan itself or a nullification of any substantial part of the existing contract of insurance. *Curtis v. Modern Woodmen,* 159 Wis. 303, 150 N. W. 417, and cases cited. The Illinois decisions go even further and hold that the power of appointment of a beneficiary may be divested by subsequent changes in the laws of the order if the certificate provides that the rights of the insured shall be subject to such future changes. *Baldwin v. Begley,* 185 Ill. 180, 56 N. E. 1065; *Peterson v. Gibson,* 191 Ill. 365, 61 N. E. 127.

In the present case the benefit certificate was conditioned, in effect, that the member should abide by the laws of the order then or thereafter in force. The new law of 1912 did not take away a single contract right possessed by the insured. He could control the policy and change the beneficiary with the same freedom as before. The only change in the situation was that certain persons were made beneficiaries in case no new beneficiary was named when the original beneficiary predeceased the insured. This took away no right from the member, but simply prevented a lapse in case of his neglect.

*By the Court.*—Judgment reversed, and action remanded with directions to render judgment for the plaintiffs in accordance with the opinion.