## Modern Woodmen of America v. Stone.

[No. 10,051. Filed December 16, 1919.]

1. Insurance.—*Life Insurance.*—*Action on Policy.*—*Instructions.*—*Right of Forfeiture.*—*Waiver.*—Where a fraternal society's by-laws provided for a forfeiture of a policy if a member should become intemperate in the use of intoxicating liquors, or if his death should result directly or indirectly from his use thereof, an instruction, in an action on an insurance contract issued by such society that, if insured died from the intemperate use of intoxicating liquors, and if defendant, knowing of such use, continued to accept the assessments stipulated in the policy, defendant was liable, was erroneous, since the acceptance of such assessments with knowledge of insured's use of intoxicating liquors did not constitute a waiver of the right to defend on the ground that insured's death resulted from the intemperate use of intoxicants. p. 603.

2. Appeal.—*Presenting Questions for Review.*—*Instructions.*—*Setting Out in Brief.*—It is not necessary that the brief of appellant should contain all of the instructions given in order to have the action of the court in giving and refusing certain instructions considered. p. 606.

From Davies Circuit Court; *William R. Gardiner,* Special Judge.

Action by Martha A. Stone against the Modern Woodmen of America. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Truman Plantz* and *Cullop, Downey & LaPlante,* for appellant.

*Harry R. Lewis* and *Alvin Padgett,* for appellee.

Batman, J.—This is a second appeal in this cause. On the trial subsequent to the decision on the former appeal, the pleadings theretofore filed remained unchanged, but appellant filed two additional paragraphs of answer, numbered 5 and 6. Appellee filed

a reply to these paragraphs in general denial, and also filed a second paragraph of reply addressed to the first, second, fifth and sixth paragraphs of answer. The issues on the original trial are sufficiently shown in the opinion of the court on the former appeal, and no good purpose would be served by restating them here. *Modern Woodmen, etc.* v. *Young* (1915), 59 Ind. App. 1, 108 N. E. 869. The fifth paragraph of answer, briefly stated, alleges in substance, among other things, that the contract in suit provides that if said Young shall become intemperate in the use of alcoholic drinks, the benefit certificate shall be null and void, and all moneys which have been paid thereon shall be thereby forfeited; that on or about August 1, 1910, said Young became intemperate in the use of intoxicating liquors, and the benefit certificate became and was null and void; that prior to the time of the commencement of this action, and as soon as it learned of the intemperate use of intoxicating liquors by Young, appellant elected to declare the benefit certificate void by reason of said intemperance; and that said Young did not make any payment for dues and assessment on account of the benefit certificate subsequently to August 1, 1910, or subsequently to the time of said forfeiture.

The sixth paragraph of answer, briefly stated, alleges in substance, among other things, that the contract in suit is an Illinois contract; that it provides that the said benefit certificate should be null and void if said Young became intemperate; that, under the laws of the State of Illinois, the contract was valid and binding on the appellant and said G. W. Young; that there is no provision in the statutes of the State of Illinois rendering said contract illegal or

void, or limiting the provisions of the contract so as to provide that the benefit certificate shall not be void, but shall be voidable for such intemperance; that said Young became and was intemperate in the use of intoxicating liquors, and that by reason thereof the benefit certificate was null and void according to its terms. Said paragraph of answer also contains a copy of the decision of the court in the case of *Royal Templars, etc.* v. *Curd* (1884), 111 Ill. 284, as the basis for its charge that, under the law of the State of Illinois, the alleged intemperate use of intoxicating liquors by said Young, under the terms of the contract in suit, rendered said benefit certificate absolutely void, and not voidable only.

Appellee's said second paragraph of reply alleges in substance that, for a long time prior to the death of said Young, appellant had full knowledge of the alleged fact that said Young was intemperate in the use of intoxicating liquors, but continued to accept and retain assessments from him. On the trial subsequent to the former appeal, the cause was submitted to a jury, resulting in a verdict and judgment in favor of appellee. Appellant filed a motion for a new trial, which was overruled, and has assigned this action of the court as the sole error on which it relies for reversal.

Appellant contends that the court erred in giving certain instructions on its own motion, among which is No. 5. This instruction reads as follows:

1. "If you should find from a preponderance of the evidence that the assured, the holder of the certificate, died from the intemperate use of intoxicating liquors; and you should so further find that the defendant knew of the intemperate use of intoxi-

cating liquors by him, but notwithstanding such knowledge, it continued to accept the assessments provided for by the terms of the certificate until his death, then you should find for the plaintiff on that issue." By reference to the by-laws of appellant, which form a part of the contract in suit, we observe that they contain the following provisions concerning the use of intoxicating liquors:

"If any member of this society * * * shall become intemperate in the use of intoxicating liquors * * * or if his death shall result directly or indirectly from his use of intoxicating liquors * * * then the certificate held by said member shall by such acts become and be absolutely null and void, and all payments made thereon shall be thereby forfeited."

It will be noted that the part of the contract above quoted contains two conditions which would constitute a defense to an action on the contract, viz.: (1) The intemperate use of intoxicating liquors by the insured. (2) The death of the insured resulting directly or indirectly from the use thereof. These two grounds of defense are wholly separate and distinct. *Busing.* v. *Modern Woodmen, etc.* (1909), 151 Ill. App. 49; *Curtis* v. *Modern Woodmen, etc.* (1915), 159 Wis. 303, 150 N. W. 417. The above instruction evidently relates to the second ground of defense stated above. It will be observed that the instruction under consideration informed the jury that such defense was not available to appellant, if it knew of the intemperate use of intoxicating liquors on the part of said Young, but notwithstanding such knowledge, it continued to accept the assessments provided by the terms of the

certificate until his death. This rendered said instruction erroneous. The learned judge who wrote the opinion on the former appeal made it clear that the acceptance of assessments, with knowledge of the existence of the first condition stated above, was not a waiver of the right to defend on the ground of the second condition when it arose. This is manifestly true, since the acceptance of assessments could only be taken as evidence of a waiver of a prior breach of some condition of the contract. The condition to which the instruction under consideration refers arose only at the insured's death, and hence the acceptance of assessments prior thereto would not be a waiver thereof as the instruction in effect states. There was some evidence introduced on the trial which tends to show that the insured had been intemperate in the use of intoxicating liquors for several months prior to his death, of which fact appellant had knowledge; that with such knowledge appellant continued to accept assessments from the insured until his death; that, while in a drunken state from the use of intoxicating liquors, he engaged in an altercation with one Cardinal, which terminated in the death of the insured; and that the use of such liquors in producing his drunken state was the proximate cause of his death. We do not presume to pass upon the weight of this evidence, but merely call attention to it to show the possible harm that may have resulted to appellant by reason of the error in said instruction. Under these circumstances we are forced to hold that its giving was reversible error.

Appellant contends that this appeal should not be considered on its merits because of a failure to com-

2. ply with the rules governing the preparation of transcripts. She asserts in support of this contention that the transcript is not neatly and securely bound; that the pages are not properly numbered; that it does not have a proper index, and does not contain a copy of the appeal bond. The first objection to the transcript is not well taken. The second and third objections have been met by corrections made in pursuance of leave granted by this court. The fourth objection has been removed by the clerk of the trial court filing a copy of said appeal bond in this court in compliance with a writ of *certiorari* granted since the filing of appellee's brief.

Appellee further contends that, if this appeal is entertained, any error relating to the giving or refusing to give instructions should not be considered, for the reason that they are only set out in that part of appellant's brief devoted to argument, and it does not appear "that all the instructions are contained in the brief or bill of exceptions."

Appellee is in error as to where the instructions appear in appellant's brief. It is not necessary that the brief of an appellant should contain all the instructions given in order to have the action of the court in giving and refusing to give certain instructions considered. *Simplex, etc., Appliance Co.* v. *Western, etc., Belting Co.* (1909), 173 Ind. 1, 88 N. E. 682; *Waters* v. *Indianapolis Traction, etc., Co.* (1916), 185 Ind. 526, 113 N. E. 289; *Indianapolis, etc., Traction Co.* v. *Senour* (1919), *ante* 10, 122 N. E. 772. The only bill of exceptions appearing in the record is the one containing the evidence, and it is not necessary that anything with reference to the instructions be shown therein.

For the reason stated, the judgment is reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings consistent with this opinion.