MILWAUKEE CHEESE COMPANY, Appellant, v. OLAFSSON, d/b/a ARNIE OLAFSSON & COMPANY and others, Defendants: MARSHALL & ILSLEY BANK, Garnishee Defendant: UTVEGSBANKI ISLANDS (FISHERIES BANK OF ICELAND), Intervening Defendant and Respondent.

*No. 26. Argued October 28, 1968.—Decided November 26, 1968.*
(Also reported in 162 N. W. 2d 609.)

For the appellant there was a brief by *Snyder, Fisher, Lee, Lilly & Hecht* of Milwaukee, and oral argument by *Richard Y. Fisher.*

For the respondent there was a brief by *Kaumheimer, Reinhart, Boerner, Van Deuren & Norris,* attorneys, and *Paul V. Lucke* of counsel, all of Milwaukee, and oral argument by *Mr. Lucke.*

BEILFUSS, J. The issue is whether the answer and the claim of the respondent, the impleaded defendant, Fisheries Bank of Iceland, allege facts sufficient to constitute a cause of action.

The plaintiff contends and the impleaded defendant does not dispute that under the substantive law of Wisconsin the answer and claim do not state facts sufficient to constitute a cause of action for the reason that the security instruments held by the impleaded defendant are imperfect security interests because there is no allegation that the security instruments were signed by the debtor as required by sec. 409.402 (1), Stats. Sec. 409.301 (1) (b) provides that ". . . an unperfected security interest is subordinate to the rights of: A person who becomes a lien creditor without knowledge of the security interest and before it is perfected."

The impleaded defendant argues that the law of Iceland applies and that under that law it has a good lien and that this lien is superior to any subsequent lien for a period of four months.[1]

---

[1] "409.103 (3) If personal property other than that governed by subs. (1) and (2) is already subject to a security interest when it is brought into this state, the validity of the security interest in his [this] state is to be determined by the law (including the conflict of laws rules) of the jurisdiction where the property was when the security interest attached. However, if the parties to the transaction understood at the time that the security interest attached that the property would be kept in this state and it was brought into this state within 30 days after the security interest attached for purposes other than transportation through this state, then the validity of the security interest in this state is to

The impleaded defendant contends that it was not required to plead the applicable law of Iceland and cites the Wisconsin Uniform Judicial Notice of Foreign Law Act as its authority. Sec. 891.01, Stats., states:

"**Judicial notice of foreign laws.** (1) COURTS TAKE NOTICE. Every court of this state shall take judicial notice of the common law and statutes of every state, territory and other jurisdiction of the United States.

"(2) INFORMATION OF THE COURT. The court may inform itself of such laws in such manner as it may deem proper, and the court may call upon counsel to aid it in obtaining such information.

"(3) DETERMINED BY COURT; RULING REVIEWABLE. The determination of such laws shall be made by the court and not by the jury, and shall be reviewable.

"(4) EVIDENCE OF FOREIGN LAWS. Any party may also present to the trial court any admissible evidence of such laws, but, to enable a party to offer evidence of the law in another jurisdiction or to ask that judicial notice be taken thereof, reasonable notice shall be given to the adverse parties either in the pleadings or otherwise.

"(5) FOREIGN COUNTRY. The law of a jurisdiction other than those referred to in sub. (1) shall be an issue for the court, but shall not be subject to the foregoing provisions concerning judicial notice.

"(6) INTERPRETATION. This section shall be so interpreted as to make uniform the law of those states which enacted it."

be determined by the law of this state. If the security interest was already perfected under the law of the jurisdiction where the property was when the security interest attached and before being brought into this state, the security interest continues perfected in this state for 4 months and also thereafter if within the 4-month period it is perfected in this state. The security interest may also be perfected in this state after the expiration of the 4-month period; in such case perfection dates from the time of perfection in this state. If the security interest was not perfected under the law of the jurisdiction where the property was when the security interest attached and before being brought into this state, it may be perfected in this state; in such case perfection dates from the time of perfection in this state."

The impleaded defendant argues that the section must be read as a whole, and that sub. (5) restricts the court from only taking judicial notice of the laws of foreign countries but does not prevent a party from offering evidence of the laws of foreign countries when the party has given reasonable notice to the adverse parties, either in the pleading or otherwise under sub. (4).

We do not agree. Sub. (4) applies solely to the common law and statutes of every state, territory and other jurisdiction of the United States. Prior to the enactment of the statute it was settled that one relying on the law of a foreign state had to plead it and that evidence as to the foreign law was not admissible if not pleaded. *Dean v. Dean* (1916), 162 Wis. 303, 156 N. W. 135; *White v. Minneapolis, St. P. & S. S. M. Ry.* (1911), 147 Wis. 141, 133 N. W. 148; *Welch v. Dunning* (1916), 163 Wis. 535, 158 N. W. 323. With the addition of sec. 891.01, Stats., judicial notice can be taken not only of the statutes but the common law of this country, states, and territories if there is reasonable notice, evidence of those laws is admissible even though the laws were not pleaded.

It is clear from a reading of the statute that the changes in the established law affect only the laws and statutes referred to sub. (1). Subs. (2), (3) and (4) all refer to "such laws" and do not include laws of foreign countries. Thus, the laws of foreign countries must be pleaded and proved as any other fact.[2]

We do not deem it necessary for the one relying on the foreign law to thoroughly quote the law in his pleadings. In the interest of fair notice, it is sufficient if he alleges the foreign law is relied upon and includes in general a statement of what that law is. Even those states which statutorily allow judicial notice of the laws

[2] *See Witt v. Realist, Inc.* (1962), 18 Wis. 2d 282, 289, 118 N. W. 2d 85, and *Estate of Wieboldt* (1958), 5 Wis. 2d 363, 373, 92 N. W. 2d 849.

of foreign countries require a plain and concise statement of the material facts sufficient to allow the other party to contravert them. *Greiner v. Freund* (1955), 286 App. Div. 996, 144 N. Y. Supp. 2d 766. This affords the adverse party a basis from which he can intelligently respond, either by pleading or demand for greater specificity. In addition, it will aid the trial court in informing itself of the laws.

There are more practical aspects of a case such as this than clear-cut legal ones. It is relatively easy to gain access to the laws of the states. Access to the laws of foreign countries is far more difficult. Even if the laws were readily available, language barriers, problems of interpretation, and unfamiliar legal systems compound the difficulties involved in a search of the law.

In view of the above, the impleaded defendant's final contention that its pleadings, claim, affidavit, and hypothec, read as a whole, allege the law of Iceland is without merit.

*By the Court.*—Order reversed and cause remanded with leave to impleaded defendant to amend its answer within fifteen days after remittitur.