David Griffin, Alma Griffin, Olin Miller, Margaret Miller, Donald Shirey, Carolyn Shirey, James Sword and Blanche Sword, Plaintiffs-Respondents,

v.

The Mark Travel Corporation and Connecticut Indemnity Company, Defendants,

Viajes Turquesa del Caribe Mexicano, S.A. de C.V., a foreign corporation, d/b/a Lomas Travel, Defendant-Appellant.

Court of Appeals

*No. 2005AP2298. Submitted on briefs September 6, 2006. —Decided September 19, 2006.*

2006 WI App 213

(Also reported in 724 N.W.2d 900.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Daniel J. Vaccaro* of *Michael Best & Friedrich LLP*, of Milwaukee.

On behalf of the plaintiffs-respondent, the cause was submitted on the brief of *David E. Rapoport* of *Rapoport Law Offices, P.C.*, of Chicago, IL.

Before Wedemeyer, P.J., Fine and Curley, JJ.

¶ 1. FINE, J. Viajes Turquesa del Caribe Mexicano, S.A. de C.V., doing business as Lomas Travel, appeals the trial court's denial of Viajes Turquesa's

motion to dismiss the plaintiffs' action against it. Plaintiffs served Viajes Turquesa with the summons and complaint in Mexico, and Viajes Turquesa contends that the service was improper under Mexican law adopting the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. The trial court disagreed. We affirm, without reaching the trial court's alternate determination that if service of the summons and complaint were improper, the time within which the plaintiffs could serve Viajes Turquesa was tolled. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed); *State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514, 520 (Ct. App. 1989) (cases should be decided on the "narrowest possible ground").

## I.

¶ 2. David and Alma Griffin, Olin and Margaret Miller, Donald and Carolyn Shirey, and James and Blanche Sword claim that they were injured when a van in which they were riding from the Cancun, Mexico airport to their hotel crashed. They brought this action against Viajes Turquesa, which owned the van and employed the driver, and The Mark Travel Corporation, the company from which they purchased their vacation package. The vacation package included the airport-to-hotel transportation.

¶ 3. The summons and complaint was filed in the circuit court for Milwaukee County on January 7, 2005, and, six days later, Maria Eli Lopez Reyes, a Mexican lawyer, took authenticated copies of the summons and complaint, and ancillary Spanish-language documents, to Viajes Turquesa's corporate headquarters in Cancun and gave them to a person who identified herself as the

office coordinator and assistant to Viajes Turquesa's legal agent in that office. The only issue presented by this appeal is whether Reyes was authorized under Mexican law's adoption of the Hague Convention to serve the papers on Viajes Turquesa.

## II.

A.  *Standard of Review.*

¶ 4.    This appeal requires that we apply foreign law—the law of Mexico in connection with its adoption of the Hague Convention. In Wisconsin, unlike the rule in federal courts since the promulgation of Rule 44.1 of the Federal Rules of Civil Procedure in 1966, interpretation of foreign law is a question of fact decided by the trial judge, not of law. *Milwaukee Cheese Co. v. Olafsson,* 40 Wis. 2d 575, 580, 162 N.W.2d 609, 612 (1968) (The "laws of foreign countries must be pleaded and proved as any other fact.") (applying Wisconsin's adoption of the Uniform Judicial Notice of Foreign Law Act, WIS. STAT. § 891.01 (1967), now found in WIS. STAT. RULE 902.02; both former § 891.01(5) and current RULE 902.02(5) make the interpretation of the laws of a foreign country "an issue for the court," *see Milwaukee Cheese,* 40 Wis. 2d at 579, 162 N.W.2d at 612 (referencing former § 891.01(5))); *Witt v. Realist, Inc.,* 18 Wis. 2d 282, 289, 118 N.W.2d 85, 89 (1962) (law of foreign country an issue of fact); *cf. Hite v. Keene,* 149 Wis. 207, 217, 134 N.W. 383, 386 (1912) ("All the authorities hold that a foreign law must be proved as any other fact in a case, and when that proof is made by oral testimony in reference to which there is a conflict, we see no reason why its weight and credibility should not be determined by the jury under proper instructions, like any other

645

material fact.") (applying law before the adoption of the Uniform Judicial Notice of Foreign Law Act, which, as we have seen, makes the issue of fact one "for the court").[1] Significantly, a court may not take judicial notice of a foreign country's law. RULE 902.02(5) ("The law of a jurisdiction other than those referred to in sub. (1) [judicial notice of the laws of United States jurisdictions] shall be an issue for the court, but *shall not be subject to the foregoing provisions concerning judicial notice.*") (emphasis added).[2] Thus, the issue of what the law of a foreign country requires is one of pure

---

[1] Rule 44.1 of the Federal Rules of Civil Procedure, applicable in federal courts, provides:

> A party who intends to raise an issue concerning the law of a foreign country shall give notice by pleadings or other reasonable written notice. The court, in determining foreign law, may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination shall be treated as a ruling on a question of law.

Before the adoption of Rule 44.1 in 1966, "questions of foreign law were viewed as issues of fact, with the party relying on foreign law carrying the burden of proof." *Twohy v. First Nat'l Bank of Chicago*, 758 F.2d 1185, 1192 (7th Cir. 1985). Rule 26.1 of the Federal Rules of Criminal Procedure also provides that the trial court's determination of the law of a foreign country is a "question[] of law."

[2] WISCONSIN STAT. RULE 902.02 reads in full:

> (1) COURTS TAKE NOTICE. Every court of this state shall take judicial notice of the common law and statutes of every state, territory and other jurisdiction of the United States.

> (2) INFORMATION OF THE COURT. The court may inform itself of such laws in such manner as it may deem proper, and the court may call upon counsel to aid it in obtaining such information.

> (3) DETERMINED BY COURT; RULING REVIEWABLE. The determination of such laws shall be made by the court and not by the jury, and shall be reviewable.

fact that must be proved. A trial court's findings of fact may not be set aside on appeal unless they are "clearly erroneous." WIS. STAT. RULE 805.17(2) ("Findings of fact shall not be set aside unless clearly erroneous."). We examine the proof submitted to the trial court in this light.

B. *Proof Before the Trial Court.*

¶ 5.   As noted, the foreign law applied by the trial court involves Mexico's adoption of the Hague Convention. As material to this appeal, Article 10 of the Hague Convention reads:

Provided the State of destination does not object, the present Convention shall not interfere with—

(a) the freedom to send judicial documents, by postal channels, directly to persons abroad,

(b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,

(c) *the freedom of any person interested in a judicial proceeding to effect service of judicial documents di-*

---

(4) EVIDENCE OF FOREIGN LAW. Any party may also present to the trial court any admissible evidence of such laws, but, to enable a party to offer evidence of the law in another jurisdiction or to ask that judicial notice be taken thereof, reasonable notice shall be given to the adverse parties either in the pleadings or otherwise.

(5) FOREIGN COUNTRY. The law of a jurisdiction other than those referred to in sub. (1) shall be an issue for the court, but shall not be subject to the foregoing provisions concerning judicial notice.

(6) INTERPRETATION. This section shall be so interpreted as to make uniform the law of those states which enact it.

(7) SHORT TITLE. This section may be cited as the Uniform Judicial Notice of Foreign Law Act.

647

*rectly through the judicial officers, officials or other competent persons of the State of destination.*

Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 1969 WL 97765 (1969) (emphasis added). Although Mexico was not an original signatory to the Hague Convention, *ibid.*, the parties agree that Mexico acceded to the convention, and the Record reveals that it did so in 1999.

¶ 6. The procedures governing application of the Hague Convention in the various signatory states are, as material here, set out in Articles 21, 27, 28, and 31 of the treaty. We look at them in a sequence that facilitates our analysis.

¶ 7. Article 27 provides:

> The present Convention shall enter into force on the sixtieth day after the deposit of the third instrument of ratification referred to in the second paragraph of article 26.

> The Convention shall enter into force for each signatory State which ratifies subsequently on the sixtieth day after the deposit of its instrument of ratification.

*Ibid.* Reference to deposits of instruments of ratification is to the provision in Article 26 that "instruments of ratification shall be deposited with the Ministry of Foreign Affairs of the Netherlands." *Ibid.*

¶ 8. Article 28 provides:

> Any State not represented at the Tenth Session of the Hague Conference on Private International Law may accede to the present Convention after it has entered into force in accordance with the first paragraph of article 27. The instrument of accession shall be

648

deposited with the Ministry of Foreign Affairs of the Netherlands.

The Convention shall enter into force for such a State in the absence of any objection from a State, which has ratified the Convention before such deposit, notified to the Ministry of Foreign Affairs of the Netherlands within a period of six months after the date on which the said Ministry has notified it of such accession.

In the absence of any such objection, the Convention shall enter into force for the acceding State on the first day of the month following the expiration of the last of the periods referred to in the preceding paragraph.

*Ibid.*

¶ 9. Article 21 provides, as material here: "Each contracting State shall, at the time of the deposit of its instrument of ratification or accession, or at a later date, inform the Ministry of Foreign Affairs of the Netherlands . . . where appropriate, of—(a) opposition to the use of methods of transmission pursuant to article[] . . . 10." *Ibid.*

¶ 10. Article 31 provides, as material here: "The Ministry of Foreign Affairs of the Netherlands shall give notice to the States referred to in article 26, and to the States which have acceded in accordance with article 28, of . . . (e) the designations, oppositions and declarations referred to in article 21." *Ibid.*

¶ 11. In sum, nations not original signatories to the Hague Convention may in whole or in part adopt the convention by depositing with the Netherlands's Ministry of Foreign Affairs their "instrument of accession" and any objections to the Convention they may have.

¶ 12. None of the parties disputes any of the provisions of the Hague Convention that are material to this appeal, except for Viajes Turquesa's contention

that Reyes was not authorized by Mexico's adoption of the convention to serve plaintiffs' summons and complaint on the company in Cancun. The dispute focuses on the meaning of the "opposition" filed by Mexico with the Netherlands's Ministry of Foreign Affairs when it acceded to the Hague Convention. As we have noted, this presents a question of fact for the trial court.[3]

¶ 13.   Plaintiffs submitted to the trial court a copy sent to them by the Netherlands's Ministry of Foreign Affairs of that ministry's Article 31–notification to treaty signatories in connection with Mexico's opposi-

---

[3] Viajes Turquesa contends that interpretation of the Hague Convention should be a question of law subject to our *de novo* review, and relies on *State v. King*, 212 Wis. 2d 498, 504, 571 N.W.2d 680, 683 (Ct. App. 1997), which concerned a treaty between the United States and a native-American tribe within the borders of the United States, *id.*, 212 Wis. 2d at 501–502, 571 N.W.2d at 681–682, for the proposition that treaty interpretation is a legal issue subject to *de novo* appellate review. First, we question whether a treaty between the United States and a native-American tribe is "foreign law" as that concept was used in *Milwaukee Cheese Co. v. Olafsson*, 40 Wis. 2d 575, 580, 162 N.W.2d 609, 612 (1968), and the other authorities we cite in ¶ 4 of this opinion, as well as in WIS. STAT. RULE 902.02, which, in subsections (1) and (5) makes a distinction between the "law of a jurisdiction other than" a "state, territory and other jurisdiction of the United States."

Second, as noted, the focus here is on what Mexican law provides, and that is clearly within the rule recognized by *Milwaukee Cheese* and the other authorities. Thus, we do not have to decide whether the language in *King* upon which Viajes Turquesa relies conflicts with Wisconsin Supreme Court precedent, which, of course, would govern. *See Madison Reprographics, Inc. v. Cook's Reprographics, Inc.*, 203 Wis. 2d 226, 238, 552 N.W.2d 440, 446 (Ct. App. 1996) ("When a court of appeals decision conflicts with a supreme court opinion, we must follow the supreme court opinion.").

tions to aspects of the Hague Convention. In the self-described "courtesy translation" (initial capitalization omitted), the Netherlands's ministry sets out "declarations" in Mexico's "instrument of accession" to the Hague Convention. As material here, and as revealed by the Ministry's "courtesy translation," that instrument declared:

> In relation to Article 10, the United Mexican States are opposed to the direct service of documents *through diplomatic or consular agents* to persons in Mexican territory according to the procedures described in sub-paragraphs a), b) and c), unless the Judicial Authority exceptionally grants the simplification different from the national regulations and provided that such a procedure does not contravene public law or violate individual guarantees. The request must contain the description of formalities whose application is required to effect service of the document.

(Emphasis added.) This is the same translation that appears on the web site of the Hague Conference on Private International Law, http://www.hcch.net/index _en.php?act=status.comment&csid=412 & disp =resdn (last visited Sept. 6, 2006), described on its web site as "a global inter-governmental organization" with sixty "Member States," http://www.hcch.net/index_en.php?act =text.displaytid=26 (last visited Sept. 6, 2006). It is also the translation adopted and applied by a New York trial court in *Casa de Cambio Delgado, Inc. v. Casa de Cambio Puebla, S.A. de C.V.,* 763 N.Y.S.2d 434, 437–438 (Sup. Ct. Queens Cty. 2003).

¶ 14. As we have seen, Article 10(c) of the Hague Convention permits service of process in signatory states by "judicial officers, officials or other competent

persons." The trial court determined that the specifica-
tion of "diplomatic or consular agents" in Mexico's objec-
tion did not encompass "other competent persons" in
Mexico as that phrase is used in Article 10(c) of the
Hague Convention. Further, Reyes submitted to the trial
court an affidavit in which she asserted:

- she is "a resident of the State of Quintana Roo,
  Mexico";

- she is "an attorney-at-law" and "alternate Notary
  Public";

- she served the plaintiffs' summons and complaint
  and ancillary Spanish-language papers on Viajes
  Turquesa "in the City of Cancun, State of Quintana
  Roe" [sic] by giving them to a woman at the
  company's headquarters who represented to Reyes
  that "she was the company's coordinator," and that
  she would give the documents to Viajes Turquesa's
  "legal agent";

- she is "fully aware of the [sic] Mexico's legislation
  regarding service of notice";

- under the "Notary Law of the State of Quintana
  Roo," she was "duly authorized to perform services
  of notice"; and

- she is "fully aware of the terms of the" Hague Con-
  vention and that in her "capacity as attorney-at-law
  and acting as alternate Notary Public," she is "a
  competent person enabled to carry out a service of
  notice according to the Mexican laws and those of the
  State of Quintana Roo in relation with Section 10(c)
  of the Agreement of the Hague regarding Notices."

The plaintiffs also submitted to the trial court a state-
ment on a web site operated by the United States
Department of State indicating that in connection with
the service of process in Mexico:

652

There is no provision in Mexican law specifically prohibiting service by agent, if enforcement of a judgment in Mexico courts is not anticipated. Personal service is accomplished by this method, wherein the Mexican attorney serves the document and executes an Affidavit of Service before a U.S. consul or vice-consul at the American Embassy or nearest consulate.[4]

http://travel.state.gov/law/info/judicial/judicial_677.html (last visited Sept. 6, 2006) (footnote added). Reyes's affidavit of service filed with the trial court in both Spanish and in an English translation attested that she served Viajes Turquesa consistent with her later-filed affidavit from which we have quoted. As we have seen, the trial court held that Reyes was an Article 10(c) "other competent person" under Mexican law, and not a "diplomatic or consular agent[]" within Mexico's declaration of opposition to aspects of the convention, and that, therefore, the service on Viajes Turquesa was proper.

---

[4] The State Department document also notes: "If enforcement of a judgement [*sic*] in Mexican courts is anticipated, service of process by letters rogatory is the exclusive method to follow, since the Mexican courts will not recognize service by international registered mail or by agent." http://travel.state.gov/law/info/judicial/judicial_677.html (last visited Sept. 6, 2006). Rule 4(f)(2)(C)(ii) of the Federal Rules of Civil Procedure, applicable in federal courts, permits service on individuals in a foreign country by "any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served," "unless prohibited by the law of the foreign country." Additionally, Rule 4(f)(1) permits service on individuals in a foreign country "by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."

¶ 15. As noted, the only issue on appeal is whether under Mexican law and Mexico's adoption of the Hague Convention, Reyes could properly serve Viajes Turquesa in Cancun. In contending that she could not, Viajes Turquesa submits a translation of what it says is Mexico's objection to Article 10(c) of the Hague Convention appearing, in the translation offered by Viajes Turquesa, in a document titled, "Official Federal Gazette," and subtitled, "The Bulletin of the Constitutional Government of the United Mexican States," purporting to be published on "February 16, 2001." (Uppercasing omitted.) In that translation of what appears in the Februaury 16, 2001, Bulletin, as Mexico's opposition to Article 10(c) of the Hague Convention is represented as follows, with, for ease of reference, the material from the version submitted to the trial court by the plaintiffs, that Viajes Turquesa's translation represents is not in the version printed in the February 16, 2001, Bulletin stricken-through, and the words in the February 16, 2001, Bulletin's version that are not in the version submitted to the trial court by the plaintiffs italicized:

> In relation to Article 10, the United Mexican States *do not recognize the power to remit directly the judicial* ~~are opposed to the direct service of~~ documents *to the persons located within its* ~~through diplomatic or consular agents to persons in Mexican~~ territory according to the procedures ~~described~~ *provided* in ~~sub-paragraphs~~ *items* a), b) and c)~~,~~; *except if* ~~unless~~ the Judicial Authority *grants,* exceptionally, ~~grants~~ the simplification *of formalities other than* ~~different from~~ the national ~~regulations~~ *ones,* and *this does not result harmful to the public order or to the* ~~provided that such a procedure does not contravene public law or violate~~ individual *warranties* ~~guarantees~~. The ~~request~~ *petition* must con-

tain the description of *the* formalities ~~whose~~ *which* application is *being requested to serve the notification or transfer* ~~required to effect service~~ of the document.

Although it would seem that resolution of which translation is the most accurate would be a simple fact-finding exercise, such an exercise on this Record would have been a waste of time because under the unambiguous terms of the Hague Convention, as we have already seen, a signatory state's objections to convention provisions must be filed with the Netherlands's Ministry of Foreign Affairs. There is no evidence in the Record that the purported convention-objections set out in the February 16, 2001, issue of the Bulletin of the Constitutional Government of the United Mexican States submitted to the trial court by Viajes Turquesa, were filed with the Netherlands's ministry. That is the key flaw in Viajes Turquesa's argument. The only evidence in this Record of objections filed with the Netherlands's Ministry of Foreign Affairs by Mexico in connection with its accession to the Hague Convention are those submitted by the plaintiffs.[5] That being so, and given Reyes's affidavit and the State Department's analy-

[5] In passing and largely undeveloped arguments, Viajes Turquesa contends in essence that the trial court should not have relied on the plaintiffs' Netherlands's Ministry materials, especially the "courtesy translation" of Mexico's objections to Article 10 of the Hague Convention. Although unlike the situation under Rule 44.1 of the Federal Rules of Civil Procedure, where, as noted in footnote 1 of this opinion, a federal trial court may consider information that is not admissible under the rules of evidence, *see Kalmich v. Bruno*, 553 F.2d 549, 555 n.4 (7th Cir. 1977) (applying Rule 44.1 of the Federal Rules of Civil Procedure), WIS. STAT. RULE 902.02(4) limits the trial court's ascertainment of foreign law to "admissible evidence." The evidence considered by the trial court was admissible.

sis, we cannot say that the trial court's finding that Reyes was authorized by Mexican law to serve the

First, the material from the Netherlands's Ministry of Foreign Affairs was, absent contrary evidence submitted by Viajes Turquesa, and there was none, sufficiently authenticated under Wis. Stat. Rules 909.01 ("The requirements of authentication or identification as a condition precedent to admissibility are satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."), and 909.015 ("By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of s. 909.01: . . . (4) DISTINCTIVE CHARACTERISTICS AND THE LIKE. Appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances."). The Netherlands's Ministry of Foreign Affairs material has sufficient indicia of authenticity to pass muster under RULE 909.01.

Second, although the Netherlands's Ministry of Foreign Affairs material purports to describe the contents of a document within its files, plaintiffs' submission of the Ministry's material also has a letter from a person describing herself as from the "Treaties Division" of the "Ministry of Foreign Affairs The Hague," saying that the Ministry is "not allowed to provide third-parties with a certified copy of the instrument of accession" filed with the Ministry by Mexico. Thus, admission of the surrogate material sent by the Ministry (a copy of the "depository notification regarding the accession of Mexico" that was sent to "the Contracting States on 23 June 2000"), is not barred by the best evidence rule, Wis. Stat. Rule 910.02 ("To prove the content of a writing, recording or photograph, the original writing, recording or photograph is required, except as otherwise provided in chs. 901 to 911, s. 137.21, or by other statute."). *See* Wis. Stat. Rule 910.04 ("The original is not required, and other evidence of the contents of a writing, recording or photograph is admissible if: . . . (2) ORIGINAL NOT OBTAINABLE. No original can be obtained by any available judicial process or procedure.").

plaintiffs' summons and complaint on Viajes Turquesa in Cancun is clearly erroneous. Thus, we affirm.

*By the Court.*—Order affirmed.

Third, although the assertion in the Netherlands's Ministry of Foreign Affairs as to what Mexico's accession submission provided is hearsay and may not specifically fall within Wisconsin's business-record exception to the rule against hearsay, WIS. STAT. RULE 908.03(6) ("A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, all in the course of a regularly conducted activity, as shown by the testimony of the custodian or other qualified witness, or by certification that complies with s. 909.02 (12) or (13), or a statute permitting certification, unless the sources of information or other circumstances indicate lack of trustworthiness.") or, arguendo, within Wisconsin's public-records-and-reports exception to the rule against hearsay, RULE 908.03(8) ("Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the office or agency, or (b) matters observed pursuant to duty imposed by law, or (c) in civil cases and against the state in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness."), Viajes Turquesa has not submitted anything that indicates that the Netherlands's Ministry of Foreign Affairs material does not have "comparable circumstantial guarantees of trustworthiness" as those specific exceptions. Thus, the material was admissible under RULE 908.03(24) ("A statement not specifically covered by any of the foregoing exceptions but having comparable circumstantial guarantees of trustworthiness.").